# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

DERRELL GAULDEN,      )
                       )
     Movant,       )
                       )
v.                  )     Case No. CV414-124
                       )           CR499-001
UNITED STATES OF AMERICA, )
                       )
     Respondent.   )

# REPORT AND RECOMMENDATION

Serving a 327 month sentence, Derrell Gaulden has filed a *third* 28 U.S.C. § 2255 motion attacking his 1999 conviction for drug and firearm offenses. (Doc. 1 at 1); *see Gaulden v. United States*, No. CV412-183 (S.D. Ga. July 7, 2012) (dismissed as successive); *Gaulden v. United States*, No. CV401-205 (S.D. Ga. Nov. 12, 2001) (dismissed on the merits). He challenges his sentence by invoking *Alleyne v. United States*, \_\_\_U.S. \_\_\_, 133 S. Ct. 2151 (2013) (extending what's known as the *Apprendi* doctrine to statutory minimum penalties by holding that "any fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury"). (Doc. 1 at 5.) But "*Alleyne*'s rule does not apply retroactively on collateral review." *Chester v. Warden*, 552 F.

App'x 887, 891 (11th Cir. 2014); *United States v. Winkelman*, 746 F.3d 134, 136 (3rd Cir. 2014); *McKeever v. United States*, 2014 WL 2593328 at * 5 (S.D. Ga. June 9, 2014). Moreover, the Court has already explained to Gaulden that he must first "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); *see* 28 U.S.C. § 2255(h) (cross-referencing § 2244 certification requirement). In fact, this Court must dismiss second or successive petitions, without awaiting any response from the government, absent prior approval by the court of appeals. *Tompkins v. Sec'y, Dep't of Corrs.*, 557 F.3d 1257, 1259 (11th Cir. 2009); *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996); *see also Hill v. Hopper*, 112 F.3d 1088, 1089 (11th Cir. 1997).

Because Gaulden has filed this latest § 2255 motion without prior Eleventh Circuit approval, this Court is without jurisdiction to consider it. Consequently, it should be **DISMISSED** as successive. Additionally, he should be **ENJOINED** from filing any further successive § 2255 motions in this Court absent explicit approval by the Eleventh Circuit.

Applying the Certificate of Appealability (COA) standards, the Court discerns no COA-worthy issues at this stage of the litigation, so no

COA should issue. 28 U.S.C. § 2253(c)(1). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED**, this   18th   day of June, 2014.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA